1  CHRISTOPHER E. PLATTEN - 111971
   CAROL L. KOENIG - 162037
2  WYLIE, McBRIDE, PLATTEN & RENNER
   2125 Canoas Garden Avenue, Suite 120
3  San Jose, California 95125
   Telephone: (408) 979-2920
4  Facsimile: (408) 979-2934

5  Attorneys for Plaintiffs
   Juan Diaz, Keith Keesling,
6  Christopher Murphy, Gary
   Weekley, Karen Allen and other
7  employees similarly situated

ORIGINAL
FILED

DEC 2 0 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR
E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN DIAZ, KEITH KEESLING,
CHRISTOPHER MURPHY, GARY
WEEKLEY, KAREN ALLEN and other
employees similarly situated,

   Plaintiffs,

vs.

CITY OF SAN JOSE,

   Defendant.
_____/

Case No. C07 06424 JW

COMPLAINT FOR DECLARATORY
JUDGMENT, COMPENSATION UNDER
THE FAIR LABOR STANDARDS ACT
AND OTHER RELIEF

PVT

## NATURE OF COMPLAINT

1.   Plaintiffs are, or at all times material were, employees of the Defendant CITY OF SAN JOSE ("City"), California, and they bring this action on behalf of themselves and those similarly situated. This is an action for declaratory judgment under 28 U.S.C. sections 2201 and 2202 and for compensation and other further relief under the Fair Labor Standards Act, as amended, 29 U.S.C. sections 201, *et seq.*

## JURISDICTION AND VENUE

2.   Jurisdiction of this action is conferred on this court by 28 U.S.C. section 1331 because the action arises under the FLSA, a federal law, and because such suit is authorized by 29 U.S.C. section 216(b). Venue lies within this district pursuant to 28 U.S.C.

section 1391 and Local Rule 3-2(d) because the events giving rise to the action took place in Santa Clara County.

### INTRADISTRICT ASSIGNMENT

3. The basis for assignment to the San Jose Division, pursuant to Civil Local Rule 3-2(d), is that this action arises in the County of Santa Clara.

### PARTIES

4. Plaintiffs are, or at all times material were, employees of the City of San Jose. Each of the plaintiffs has given their written consent to be a party in this action pursuant to 29 U.S.C. section 216(b).

5. Defendant City is a political subdivision of the State of California, a public agency within the meaning of 29 U.S.C. section 203(d).

### CLAIMS FOR RELIEF

6. At all times material, the Plaintiffs have been entitled to the rights, protections and benefits provided under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. sections 201, *et seq.*

7. At all times material, the Plaintiffs have worked hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. section 207. As a result, at all times material, Plaintiffs have been entitled to overtime compensation at a rate not less than one and one-half times their regular rate of pay for the hours of overtime worked.

8. Plaintiffs are, or at all times material were, firefighters and employees engaged in fire protection for the City. Under the FLSA and the Department of Labor's regulations applicable to firefighter employees, the employer may establish and declare a work period of not less than seven days nor more than 28 days. (29 U.S.C. section 207; 29 C.F.R. section 553.201.) The City has established and declared a work period of 14 days for administrative employees and 28 days for employees who perform suppression (shift) work. Employees with equal rank and years of service are paid the same base monthly salary regardless of whether assigned to 14-day work periods or 28-day work periods. However, the hourly rate of pay differs, with employees assigned to 14-day work periods

being paid a 40-hour (per week) rate of pay while employees assigned to shift work are paid a lower 56 hour (per week) rate of pay.

9. Plaintiffs served, during all or part of the time covered by this petition, as administrative employees assigned to 14-day work periods. Pursuant to the Department of Labor's regulations, the Defendant must pay Plaintiffs overtime compensation at a rate not less than one and one-half times their regular rate of pay (hereinafter "FLSA rate") for hours worked in excess of 106 hours per 14-day work period. (29 C.F.R. § 553.230)Overtime hours which do not result in more than 106 total hours of work in a 14-day period may be paid at one and one-half times a lower hourly rate (hereinafter "non-FLSA rate").

10. Since before September 1, 2003, the City has violated, and is continuing to violate, 29 U.S.C. section 207 and the regulations of the U.S. Department of Labor by failing and refusing to pay FLSA overtime compensation to Plaintiffs at a rate not less than one and one-half times the FLSA rate for hours worked in excess of the hourly and work period standards applicable to firefighter employees under 29 U.S.C. section 207(k).

11. Plaintiffs are, and at all times applicable were, receiving a percentage of their base salary as holiday "in lieu of pay." This "in lieu of pay" is received regularly each pay period as part of each Plaintiff's salary. As such, pursuant to the FLSA regulations promulgated by the U.S. Department of Labor, this "in lieu of pay" must be included when calculating the FLSA rate for purposes of determining the overtime premium required by the FLSA. (29 C.F.R. § 778.108.) Despite these regulations, the City has refused, and continues to refuse, to include the "in lieu of pay" in the rate of pay that it uses to calculate pay for FLSA eligible hours. As a result, the overtime rate of pay that the City has paid, and continues to pay, is less than that to which the Plaintiffs are entitled to by the FLSA.

12. Plaintiffs are, and at all times applicable were, paid certain premium pays if they meet certain eligibility requirements in regard to training and skills. These premium pays include, but may not be limited to, Emergency Medical Technician pay, bilingual pay, education incentive pay and administrative assignment pay. These premium pays are paid

as a percentage of the base salary or as a set dollar amount and are received regularly each pay period as part of each eligible Plaintiff's salary. As such, pursuant to the FLSA regulations promulgated by the U.S. Department of Labor, these premiums pays must be included when calculating the FLSA rate for purposes of determining the overtime premium required by the FLSA. (29 C.F.R. § 778.108.) Despite these regulations, the City has refused, and continues to refuse, to include the premium pays in the regular rate of pay that is used for determining the overtime rate of pay for FLSA eligible hours. As a result, the overtime rate of pay that the City has paid, and continues to pay, is less than that to which the Plaintiffs are entitled to by the FLSA.

13. The City's violations of the FLSA as alleged herein have been done in a willful and bad faith manner in that the City received notice through a previous court action that it must include holiday-in-lieu pay and other premium pays when calculating the FLSA rate of pay. (*Sekany v. City of San Jose*, Case No. 98-21081 JW)

14. In addition, the City has failed, and continues to fail, to pay the correct FLSA rate of pay to Plaintiffs when Plaintiffs perform overtime work usually assigned to 56-hour (shift) employees. Pursuant to the FLSA regulations, the City must calculate the FLSA overtime rate for Plaintiffs based on a 40-hour rate for all overtime hours worked, unless the employer and the employees mutually agree in advance to pay at a different rate of pay. No such agreement has been entered into by the City and the Plaintiffs. However, the City has used, and continues to use, the lower 56-hour rate of pay when calculating FLSA overtime for Plaintiffs who perform overtime shift work. As a result, the overtime rate of pay that the City has paid, and continues to pay, for overtime shift work is less than that to which the Plaintiffs are entitled to by the FLSA .

15. Furthermore, the City has used, and continues to use, a payroll accounting system which undercounts the number of hours worked by Plaintiffs during a 14-day work period, a practice which results in the underpayment of FLSA premium pay. As a result, the overtime rate of pay that the City has paid, and continues to pay, is less than that to which the Plaintiffs are entitled to by the FLSA. When a 40 hour employee works a 24 hour shift,

the City converts those shift hours to their "40 hour equivalent," and then pays the 40 hour rate of pay on the reduced number of hours. The City then improperly uses this reduced number of hours to determine whether Plaintiffs have worked sufficient hours to be eligible for the higher FLSA overtime rate of pay.

16. As a result of these willful violations of the FLSA, overtime compensation has been unlawfully withheld by the City from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. section 216(b), together with an additional equal amount as liquidated damages, interest, reasonable attorney fees and the costs of this action.

17. The employment and work records for each Plaintiff are in the exclusive possession, custody and control of the City, and the Plaintiffs are unable to state at this time the exact amount owing to each of them. The City is under a duty imposed by 29 U.S.C. section 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of the City's liability can be ascertained.

18. Plaintiffs notified the City on August 14 that the City was in violation of the FLSA as set forth above and demanded that the City cease its illegal pay practices. The City requested an extension of time to respond and agreed that it would toll any further running of the statute of limitations as of September 21, 2007 if the Plaintiffs would grant an extension. The Plaintiffs granted three extension with each concomitant tolling agreement, the final one expiring on November 23, 2007. As of the date of the filing of this action the City still has not responded to the demand and has continued the practices in violation of the FLSA.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(1) Enter a declaratory judgment declaring that the City has willfully and wrongfully violated its statutory and legal obligations, and deprived Plaintiffs

of their rights, protections and entitlements under federal law, as alleged herein;

(2) Order a complete and accurate accounting of all compensation to which Plaintiffs are entitled;

(3) Award each Plaintiff monetary damages in the form of back pay compensation, and liquidated damages equal to their unpaid compensation, plus pre-judgment interest and post-judgment interest;

(4) Award Plaintiffs their reasonable attorney's fees to be paid by the City, and the costs of this action; and

(5) Grant such other relief as may be just and proper.

Dated: December 19, 2007

Respectfully submitted,

WYLIE, McBRIDE,
PLATTEN & RENNER

_____
CHRISTOPHER E. PLATTEN

_____
CAROL L. KOENIG
Attorneys for Plaintiffs

I:\230/71484/complaint

COMPLAINT; Case No.

6