RICHARD DOYLE, City Attorney (#88625)
GEORGE RIOS, Assistant City Attorney (77908)
ROBERT FABELA, Sr. Deputy City Attorney (148098)
Office of the City Attorney
200 East Santa Clara Street
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JUAN DIAZ, KEITH KEESLING, CHRISTOPHER MURPHY, GARY WEEKLEY, KAREN ALLEN and other employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant. | Case Number: C07-06424 JW<br><br>**CITY OF SAN JOSE'S ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

In answer to the Complaint on file herein, Defendant CITY OF SAN JOSE responds as follows:

1. In answer to the Paragraph 1 of the Complaint, Defendant lacks sufficient information or belief to respond to the allegations therein and, on that basis, denies such allegations.

2. In answer to Paragraph 2 of the Complaint, Defendant responds that the City of San Jose is within this judicial district and that venue appears appropriate. Defendant denies each and every remaining allegation contained therein.

///

3. In answer to Paragraph 3 of the Complaint, Defendant responds that to the extent venue is proper, this case should be assigned to the San Jose Division.

4. In answer to Paragraph 4 of the Complaint, Defendant responds that Juan Diaz, Keith Keesling, Christopher Murphy, and Gary Weekly are or were employees of the City of San Jose. The City has no record that an employee named "Karen Allen" has worked for the fire department, although the City does have record that "Karen Allyn" is or was an employee of the City of San Jose in its fire department. Defendant lacks sufficient information or belief to respond to the remaining allegations of this Paragraph and, on that basis, denies such allegations.

5. In response to paragraph 5 of the Complaint, Defendant admits that the City of San Jose is organized and operated as a charter city under the laws of the State of California. Defendant further admits the existence of 29 USC §203, whose provisions speak for themselves. Except as so admitted, Defendant denies the remaining allegations of this Paragraph.

6. In answer to Paragraph 6 of the Complaint, Defendant admits the existence of 29 USC sections 201, *et seq.,* whose provisions speak for themselves. Except as so admitted, Defendant denies the remaining allegations of this Paragraph.

7. In answer to Paragraph 7 of the Complaint, Defendant admits the existence of 29 USC sections 207, *et seq.,* whose provisions speak for themselves. Except as so admitted, Defendant denies the remaining allegations of this Paragraph.

8. In answer to Paragraph 8 of the Complaint, Defendant admits that Juan Diaz, Keith Keesling, Christopher Murphy, and Gary Weekly are or were employees of the City of San Jose. The City has no record that an employee named "Karen Allen" has worked for the fire department, although the City does have record that "Karen Allyn" is or was an employee of the City of San Jose in its fire department. Defendant further admits the existence of 29 USC section 207 and 29 C.F.R. 553.201, whose provisions speak for themselves. Defendants further admit the third sentence of this Paragraph and that when an employee is converted from a 40 hour shift to a 56 hour shift fand or back to a 40 hour shift, the

employee's base monthly rate does not change.  Except as so admitted, Defendant denies the remaining allegations of this Paragraph.

9. In answer to Paragraph 9 of the Complaint, Defendant lacks sufficient information or belief to respond to the allegations of the first sentence and, on that basis, denies such allegations.   Defendants admits the existence of 29 CFR §553.230, whose provisions speak for themselves.  Except as so admitted, Defendant denies the remaining allegations of this Paragraph.

10. In answer to Paragraph 10 of the Complaint, Defendant denies the allegations contained therein.

11. In answer to Paragraph 11 of the Complaint, Defendant can presently confirm and therefore admits that Juan Diaz, Keith Keesling, Christopher Murphy, and Gary Weekly at least from 2007 to the present received holiday-in-lieu pay.  The City has no record that an employee named "Karen Allen" has worked for the fire department, although the City does have record that "Karen Allyn" is or was an employee of the City of San Jose in its fire department.  Defendant further admits the existence of 29 CFR §778.108, whose provisions speak for themselves.  Except as so admitted, Defendant denies the remaining allegations of this Paragraph.

12. In answer to Paragraph 12 of the Complaint, Defendant admits that the Memorandum of Agreement ("MOA") between the City of San Jose and the International Association of Firefighters, Local 230 contains or has contained special pay provisions for certain assignments, certifications, and/or accreditations, as set forth more specifically in the MOA.   Except as so admitted, Defendant denies the remaining allegations of this Paragraph.

13. In answer to Paragraph 13 of the Complaint, Defendant denies the allegations contained therein.

14. In answer to Paragraph 14 of the Complaint, Defendant denies the allegations contained therein.

///

15. In answer to Paragraph 15 of the Complaint, Defendant denies the allegations contained therein.

16. In answer to Paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

17. In answer to Paragraph 17 of the Complaint, Defendant lacks sufficient information or belief to respond to the allegations of the first sentence and, on that basis, denies such allegations. The City admits the existence of 29 USC §211(c), whose provisions speak for themselves. Except as so admitted, Defendant denies the remaining allegations of this Paragraph.

18. In answer to Paragraph 18 of the Complaint, Defendant admits receipt on or about August 14, 2007 of a letter alleging various violations of the Fair Labor Standards Act (FLSA), which letter speaks for itself. The City further admits that the parties agreed to several extensions of time. Except as so admitted, Defendant denies the remaining allegations of this Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every claim for relief therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant is entitled to immunity from Plaintiffs' Complaint by virtue of the provisions of the Government Code of the State of California, §§ 800 through 1000.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are exempt from the overtime provisions of the FLSA.

### FOURTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and had reasonable grounds for believing that its actions or omissions were not willful violations of the FLSA.

///

///

**FIFTH AFFIRMATIVE DEFENSE**

Part or all of Plaintiffs' claims are barred by the applicable statute of limitations, 29 USC §255.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to exhaust their administrative and/or contractual remedies required as a condition precedent to the initiation of this action.

**SEVENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred by their failure to comply with the California Tort claims Act.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's claims are found to be frivolous, unreasonable, and groundless, Defendant is entitled to recover all costs and attorneys' fees incurred herein.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the defense of payment.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by laches, equitable estoppel, and/or waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by accord and satisfaction.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims are barred by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any act or omission by Defendant as alleged in the Complaint was a result of the lawful and proper exercise of discretion.

**FOURTEENTH AFFIRMATIVE DEFENSE**

One or more of the Plaintiffs lack standing.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages, if any.

///

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from a claim of exemplary or punitive damages by virtue of Government Code § 818 and federal law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to offset any unpaid FLSA overtime amounts by compensation paid to Plaintiffs in excess of the statutory minimums pursuant to 29 USC §207(h).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is relieved from recording and can disregard any and all insubstantial or insignificant periods of time that Plaintiffs may have worked outside scheduled working hours pursuant to 29 CFR §785.47.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from seeking compensation for travel to or from the principal activity and preliminary or "postliminary" activities engaged in either prior to or subsequent to the principal activities for which they are employed to perform, pursuant to 29 USC §254(a).

**WHEREFORE,** Defendant requests that Plaintiff be denied any relief; that judgment be entered in Defendant's favor; that Defendant be awarded its costs of suit, including reasonable attorneys' fees as appropriate; and such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMAND

Defendant hereby demands a jury.

RICHARD DOYLE, City Attorney

Dated: February 14, 2008

By: _____/S/_____
ROBERT FABELA
Sr. Deputy City Attorney

Attorney for Defendant CITY OF SAN JOSE