RICHARD DOYLE, City Attorney (#88625)
GEORGE RIOS, Assistant City Attorney (77908)
ROBERT FABELA, Sr. Deputy City Attorney (148098)
Office of the City Attorney
200 East Santa Clara Street
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN DIAZ, KEITH KEESLING, CHRISTOPHER MURPHY, GARY WEEKLEY, KAREN ALLEN and other employees similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF SAN JOSE,<br><br>        Defendant. | Case Number:  C07-06424 JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

The parties to the above-entitled action jointly submit this Case Management Statement and request the Court to adopt it as its Case Management Order in this Case.

    1.    <u>Jurisdiction and Service</u>

As this case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et. seq.*, Defendant City of San Jose ("City") does not deny that the Court has jurisdiction over the controversy.  Venue in this matter is not in dispute and there are no other parties that remain to be served.

///

///

2.   <u>Facts</u>

Plaintiffs have served as firefighters employed by the City of San Jose, and have worked overtime hours at various times over the time that they have worked with the City. Plaintiffs claim, and the City denies, that the overtime payments made to Plaintiffs have been less than what is required under the FLSA.

Plaintiffs' claims are based on theories that the FLSA requires the City to include the holiday "in lieu" pay and other premium pay when calculating the hourly rate of pay that Plaintiffs were paid for hours worked in excess of 80 hours per 14 day work period. Plaintiffs also claim that the City has not been including the holiday in lieu pay and other premium pays when calculating the FLSA overtime for the Plaintiffs.  The City contends that it has considered such pay for purposes of calculating the minimum wages due Plaintiffs, or that such pay would not affect the minimum wages due Plaintiffs under a reading of the FLSA and the Memorandum of Agreement between Plaintiff's Union and the City.

The City employs both 40 hour per week and 56 hour per week employees in the Fire Department.  Employees who are of the same rank, and years of service are paid the same monthly base pay regardless of whether they are assigned as 40 hour employees or 56 hours employees,  This results in the 40 hour employees receiving a higher hourly rate of pay.

When Plaintiffs work shift assignments (normally assigned to 56 hour per week employees) the City "converts" this overtime work to its 40 hour equivalent. That is, it reduces the number of hours worked and pays the "converted hours" at the higher 40 hour rate.

Plaintiffs allege that, although this conversion method results in the same dollar amount for base pay, it serves to undercount the number of overtime hours subject to the FLSA rate of pay. Finally, the plaintiffs allege that the City is improperly paying the plaintiffs at the 56 hour rate of pay for shift overtime work when the correct rate of pay would be the 40 hour rate.  The City denies that the Plaintiffs were paid less than what was required by the FLSA.

2

3.    Legal Issues

a.    Must the City include "holiday in lieu" pay and other premium pays such as EMT and bi-lingual pay when calculating the "regular rate of pay" for purposes of paying FLSA overtime?

b.    Does the FLSA require the City to pay Plaintiffs an overtime rate based on a 40 hour rate of pay or on a 56 hour rate of pay when the overtime work is in a shift (56 hour) position?

c.    Does the practice of converting 56 hour work into its 40 hour equivalent result in an impermissible undercounting of overtime hours subject to the FLSA rate of pay?

4.    Motions

There are no pending motions.  A summary judgment motion may be able to dispose of some, if not all, of the issues. Plaintiffs plan to file the following motions: Motion for Summary Judgment; Motion for Class Notice and Administrative Motion to Consider Whether Cases Should be Related.

5.    Amendment of Pleadings

Plaintiffs plan to file an amendment to the complaint to correct the spelling of one of the named defendant's names (Karen Allen to Karen Allyn).

6.    Evidence Preservation

Defendants preserve payroll records pursuant to the requirements of the FLSA.

Plaintiffs have no overtime or payroll records in their possession but have preserved correspondence between the parties regarding this dispute.  Plaintiffs also have preserved certain records from a previous lawsuit filed by the City's 56 hour fire department employees over the same issue.  The previous suit was settled via a stipulated judgment.

7.    Disclosures

Parties are in the process of meeting and conferring on the nature of the initial disclosures in the context of this case.  The City has agreed to produce, without the need for a formal document request, any and all payroll and overtime records for the named Plaintiffs.

3

The City has not determined the full scope of such a production, but plans to meet and confer with Plaintiffs' counsel regarding the nature and extent of any such production.  The City anticipates being able to make such records available within the next 30 days or so. Plaintiffs have agreed to make as part of their initial disclosure the documents identified in Item 5, above, within the next 30 days.

8.    Discovery

Plaintiff expects to take the following discovery. Request for Production of Documents; Request for Admissions; Deposition of person most knowledgeable regarding the City's payroll records and pay accounting system.

Defendants expect to take Plaintiffs' depositions and serve written discovery.

At this point, neither party expects to deviate from the Rules of Civil Procedure with regard to the timing and volume of discovery allowed.

9.    Class Actions

N/A

10.    Related Cases

On April 24, a second action was filed against the City for additional FLSA violations: *Welch, et all v. City of San Jose*, case number 5:08-CV-02132-JF.  Plaintiffs are filing an Administrative Motion to Consider Whether the Cases Should be Related.

11.    Relief

Plaintiff seek declaratory relief, back overtime pay, liquidated damages and attorneys fees and costs.

12.    Settlement and ADR

The parties agree that Early Neutral Evaluation is an appropriate ADR option for this case.

13.    Consent to Magistrate Judge for All Purposes

Defendants do not consent to have a magistrate conduct further substantive proceedings.  Plaintiffs do not object to the services of a magistrate.

///

4

14.    Other References

N/A

15.    Narrowing of Issues

Premature.

16.    Expedited Schedule

N/A

17.    Scheduling

The parties believe that the case should be ready for trial in late-2008, with cut off dates set accordingly.

18.    Trial

Plaintiffs believe that the entire dispute can be resolved through a Motion for Summary Judgment. Plaintiffs further contend that the dispute is purely a legal one, that there are no material facts in dispute and that a trial court therefore would be inappropriate. The City does not dispute that a Summary Judgment may be dispositive, but has requested a jury trial in the event that is not the case.  A trial should take approximately three to five court days, depending on the stipulations the parties may be able to agree upon.

19.    Disclosure of Non-party Interested Entities or Persons

N/A

Dated: May 2, 2008                    RICHARD DOYLE, City Attorney


                                      By: _____/S/_____
                                          ROBERT FABELA
                                          Sr. Deputy City Attorney

                                      Attorney for Defendant CITY OF SAN JOSE

Dated:  May 2, 2008                   WYLIE, McBRIDE, PLATTEN & RENNER


                                      By: _____/S/_____
                                          CAROL L. KOENIG

                                      Attorneys for Plaintiffs JUAN DIAZ, KEITH
                                      KEESLING, CHRISTOPHER MURPHY,
                                      GARY WEEKLEY and KAREN ALLEN

5